UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JARED L. TEFFT, SR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 21-124JJM |
| | : | |
| PATRICIA COYNE-FAGUE, et al., | : | |
|     Defendants. | | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Less than six months ago, the Court denied the motion of Plaintiff Jared L. Tefft to appoint counsel in this case brought pursuant to 42 U.S.C. § 1983. As grounds for its determination, the Court held:

> After a thorough review of his case, the Court finds that Mr. Tefft has not demonstrated that exceptional circumstances exist despite his incarceration and claim of ignorance of the law. Mr. Tefft's case presents simple legal issues and the complaint he filed is clear and straightforward. Mr. Tefft's motion to appoint counsel is DENIED without prejudice.

Tefft v. Coyne-Fague, C.A. No. 21-124-JJM-PAS, 2021 WL 5824331, at *7 (D.R.I. Dec. 8, 2021). Plaintiff has now returned to the Court with a renewed motion for court-appointed counsel; as grounds, he represents that he has been unable to find a "paid lawyer" willing to accept this case, as well as that he has lost the help of "a Jailhouse lawyer due to transfer." ECF No. 23. The new motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a).

The law does not afford IFP applicants an absolute right to appointed counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991); Albanese v. Blanchette, C.A. 20-00345-WES, 2021 WL 5111862, at *1 (D.R.I. Nov. 3, 2021). In addition to establishing indigency, a civil litigant seeking the appointment of *pro bono* counsel must also sustain his

burden of demonstrating that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23.  In determining whether exceptional circumstances exist, the Court "must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24.  In a case like this one, where Plaintiff will recover his attorney's fees if he prevails, the Court may consider whether the reason for his difficulty in finding an attorney is because it is "a meritless case that no lawyer would take were the plaintiff not indigent." Stack O/B/O Doe v. Town of Lincoln Hous. Auth., C.A. No. 20-350WES, 2021 WL 1904537, at *2 (D.R.I. May 12, 2021) (internal quotation marks omitted).  In exercising its discretion to appoint a *pro bono* attorney, the Court must also be mindful that "volunteer lawyer time is a precious commodity." Lockett v. Derose, Civil No. 3:CV-08-1643, 2009 WL 1917071, at *1 (M.D. Pa. July 1, 2009) (internal quotation marks omitted).

Other than his loss of access to a "jailhouse lawyer," Plaintiff has presented nothing to sustain his burden of establishing changed circumstances in the months since the Court initially (and thoroughly) examined this case and found that it "presents simple legal issues and . . . is clear and straightforward" so that exceptional circumstances were not demonstrated. Tefft, 2021 WL 5824331, at *7.  Noting that the Court's findings remain well-founded in that what is left in this case is legally simple and factually clear and straightforward, as well as that nothing material has changed, I find that Plaintiff has not sustained his burden of establishing the existence of "exceptional circumstances . . . such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Buzon v. Forgue, C.A. No. 19-212WES, 2019 WL 2474123, at *2 (D.R.I. June 13, 2019) (internal quotation marks omitted).  In

2

addition, mindful of the Court's obligation to carefully husband "volunteer lawyer time" because it "is a precious commodity," Lockett, 2009 WL 1917071, at *1, I also consider the reality that the legal issue Plaintiff presents here – a violation of the Eighth Amendment through the allegedly excessive use of disciplinary confinement – is already framed in several other cases, some of which are already staffed by attorneys appointed by the Court. These include an already-certified class action of which Plaintiff himself is a class member. Morris v. Travisono, C.A. No. 69-4192JJM; Paiva v. R.I. Dep't of Corrs., M.C. No. 17-14JJM. Therefore, any potential unfairness in this case from the denial of a court-appointed attorney is substantially mitigated by the protection of Plaintiff's Eighth Amendment rights (with respect to injunctive and declaratory relief) in that proceeding, which is staffed by well-qualified class counsel and a court-appointed expert.

      Accordingly, Plaintiff's second Motion to Appoint Counsel (ECF No. 23) is DENIED without prejudice.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 26, 2022